# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

|  |  |
|---|---|
| WENDY MCMAHON,<br><br>    Plaintiff,<br><br>v.<br><br>USAA SAVINGS BANK,<br><br>    Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227** *et seq.*<br>2. **Invasion of Privacy – Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiff, Wendy McMahon ("Plaintiff"), through her attorneys, alleges the following against USAA Savings Bank ("USAA" or "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon Defendant's violations of the Telephone Consumer Protections Act ("TCPA"), 27 U.S.C. § 227 et seq. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC")

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy – Intrusion Upon Seclusion, as derived from § 652B of the Restatement (Second) or Torts. § 652 prohibits intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

3. **JURISDICTION AND VENUE**

4. The District court has federal question jurisdiction over these claims pursuant to 47 U.S.C § 227 and 28 U.S.C. § 1331.

5. Plaintiff also brings her complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendants transact business here; personal jurisdiction is also established.

**PARTIES**

8. Plaintiff is a natural person residing in the Charlotte, Dickson County, Tennessee.

9. Defendant USAA is a banking institution engaged in the business of giving credit and collecting debt with the principal place of business located in San Antonio, TX. Defendant can be served with process through CSC Services of Nevada, Inc. at 2215-B Renaissance Dr., Las Vegas, NV 89119.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant is attempting to collect a debt from Plaintiff.

12. In or around September of 2018, Defendant began placing calls to Plaintiff's cellular phone number (XXX) XXX-1776, in an attempt to collect a debt.

13. The calls mainly originated from the following numbers (800) 531-0378 and (800) 531-7013. Upon information and belief, these phone numbers were owned or operated by Defendant during the relevant time period.

14. On or about September 22, 2018 at 12:10 p.m., Plaintiff answered a call from Defendant and spoke with a representative. The call originated from (800) 531-0378.

15. After picking up the call, Plaintiff noticed a delay before Defendant's representative began speaking, indicating the use of an automatic dialing system.

16. Defendant informed Plaintiff that it was attempting to collect a debt alleged to be owed by Plaintiff.

17. During that call, Plaintiff unequivocally revoked consent to be called any further by USAA.

18. Two days later, on September 24, 2018 at 4:36 p.m., Plaintiff answered another call from Defendant and spoke with a representative. The call originated from (800) 531-0378.

19. Defendant again informed Plaintiff that it was attempting to collect a debt owed by Plaintiff.

20. During that call, Plaintiff, for the second time, revoked consent to be called any further by USAA.

21. The next day, September 25, 2018 at 2:35 p.m., Plaintiff answered another call from Defendant originating from (800) 531-0378 and spoke with a representative.

22. During that call, Plaintiff, for the third time, revoked consent to be called any further by USAA.

23. Plaintiff's request was again ignored and she continued to receive frequent calls from Defendant.

24. On October 11, 2018, Plaintiff answered another phone call from Defendant originating from (800) 531-0378.

25. During this call, Plaintiff spoke to a representative named Ashley.

26. Plaintiff, again, revoked consent to be called any further by USAA.

27. Defendant, again, ignored Plaintiff's repeated requests and continued to place calls to Plaintiff's cellular phone with alarming frequency.

28. Defendant would call Plaintiff almost every day and frequently would place multiple calls to Plaintiff in a single day.

29. Defendant would regularly call Plaintiff three times in a day, often calling Plaintiff more than twenty (20) times a week.

30. In the month of December 2018 alone, Defendant placed approximately seventy (70) phone calls do Plaintiff. Defendant called Plaintiff almost every day during the month, usually more than twice per day.

31. The barrage of harassing phone calls continued through February of 2019. Defendant called Plaintiff almost every day between October 2018 and February of 2019.

32. On February 26, 2019 at 1:58 p.m., Plaintiff answered a phone call from Defendant and spoke with a representative.

33. During that call, Plaintiff revoked consent to be called again.

34. On or about March 9, 2019, Plaintiff received a letter from GC Services Limited Partnership. The letter stated that they were now collecting on behalf of USAA.

35. Between September 22, 2018 and February 26, 2019, Defendant called Plaintiff's cellular phone approximately three hundred (300) times, despite Plaintiff's multiple revocations of consent to be called any further.

36. Defendant would frequently call Plaintiff around the same times over the course of several days, indicating the use of an automatic dialing system.

37. For example: on February 12 Defendant called Plaintiff at 1:05 p.m., 4:07 p.m., and 7:46 p.m. On February 13 Defendant called Plaintiff at 1:41 p.m., 4:43 p.m., and 7:43 p.m. On February 14 Defendant called Plaintiff at 1:07 p.m., 4:08 p.m., and 8:06 p.m.

38. Defendant is familiar with or should be familiar with the TCPA and with Invasion of Privacy laws.

39. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

40. Defendant's conduct as described above was intended to harass, annoy, coerce, and intimidate Plaintiff into paying the alleged debt.

41. Specifically, Plaintiff reasonably believed that Defendant would never stop calling her because Defendant lead Plaintiff to believe that she could only stop the collection calls by settling her debt with Defendant.

42. The calls were so frequent and caused Plaintiff such stress that she does not like to use her phone anymore for fear that USAA will call her again regarding her debt.

43. As a result of Defendant's conduct, Plaintiff has sustained actual damages as detailed above, as well as embarrassment, stress and anxiety, emotional and mental pain and anguish.

44. Each and every one of Defendant's telephone calls caused Plaintiff temporary loss of use of her telephone line, in addition to the annoyance, stress, and embarrassment.

## COUNT I

### Defendant's Violations of the TCPA, 47 U.S.C. § 227

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's

cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

47. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### Defendant's Invasion of Privacy

### (Intrusion upon Seclusion)

48. Plaintiff incorporates herein by reference paragraphs one through forty-four (1-44) of this complaint as though fully set forth herein at length.
49. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:
    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.
    b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff would receive calls daily, often multiple times a day.
    c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.
50. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Wendy McMahon, respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: April 12, 2019

RESPECTFULLY SUBMITTED,
*/s/ Christopher Kim Thompson*
Christopher Kim Thompson, Esq.
(SBN: 015895)
Belle Meade Center, Suite 300
85 White Bridge Road
Nashville, TN 37205
T: (615) 832-2335
F: (615) 242-7853
E:kim@thompsonslawoffice.com
*Attorneys for Plaintiff*
*Wendy McMahon*